## Blackall et al. v. Greenbaum et al.

1. WORK—*Labor and Services—Implied Promise to Pay—Illustration.*—If, without my request, another does for me something very beneficial for me, and while he is doing it I know that he is doing it with the expectation of being paid, he can not, if the law is properly administered,

sell my property on execution, if his reliance upon my gratitude or sense of natural justice should prove ill-founded.

2. CONTRACTS—*Implied Promise—Illustration.*—My knowledge and silence may be some evidence, strong or weak, as circumstances vary, from which a jury might infer an express or implied request. Bringing water for an hour to put out a fire in my house, would be quite different from working days and weeks in building it.

3. INSTRUCTIONS—*Exclusion of Essential Elements of a Recovery.*— An instruction which excludes every essential element upon which a recovery can be predicated, is erroneous.

**Memorandum.**—Assumpsit. Plea of the general issue and affidavit of merits. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, A. D. 1892. Opinion filed July 31, 1893.

The statement of the facts is contained in the opinion of the court.

NELSON MONROE, attorney for appellants.

SIMEON STRAUS, attorney for appellees.

OPINION OF THE COURT, GARY, P. J.

The appellants had a store to let. The appellees were real estate brokers. Some conversation occurred between one of the appellants and a representative of the appellees, in regard to the latter finding a tenant and being paid a commission for so doing. They made efforts, but whether their efforts had any influence toward bringing the tenant who took the store, is a question of fact to be decided upon such evidence that a verdict either way with correct (if any) instructions, would probably be final. But at the instance of the appellees the jury were instructed:

"2. The jury are instructed that if they believe from the evidence that the plaintiffs performed services for the defendants in the endeavor to procure a tenant for the premises in question in expectation of being paid therefor, and that such services were of any value to the defendants, and further, that the defendants knew at the time, the plaintiffs were performing such services with the expectation of being paid therefor, then the plaintiffs are entitled to recover what

such services were reasonably worth, although you may find from the evidence that there was no express agreement to pay, and no price was agreed upon."

A very serious objection to this instruction is that it is so obscure; but assuming that it means that if A knows that B is doing something for A, B expecting, as A knows, to be paid, and what B does is of any value to A, then A must pay, then it is not law in any case, and much less in this case, where any compensation to the appellees was contingent upon their doing a specific thing—finding a tenant.

If, without any request, another does for me something very beneficial to me, and while he is doing it I know that he is so doing it with the expectation of being paid, he can not, if the law is properly administered, sell my property on execution, if his reliance upon my gratitude, or sense of natural justice, should prove ill-founded.

My knowledge and silence may be some evidence, strong or weak as circumstances may vary, from which a jury might infer an express or implied request. Bringing water for an hour to put out a fire in my house, would be quite different from working days and weeks in building it.

It is not necessary in every suit for brokers' commissions that the whole law upon the subject should be discussed; for the error in giving that instruction, the judgment is reversed and the cause remanded.